Filed 7/30/14  P. v. Andrews CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JELANI KAMAU ANDREWS,<br><br>     Defendant and Appellant. | B247925<br><br>(Los Angeles County<br>Super. Ct. No. GA083237) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Suzette Clover and Janice C. Croft, Judges.  Affirmed.

_____

Holly J. Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jelani Kamau Andrews appeals from the judgment entered after the trial court found him in violation of probation and executed a suspended five-year state prison term. Andrews does not contest the probation violation proceedings or his sentence. He, however, contends that the trial court committed prejudicial error by failing to appoint counsel for him on the scheduled day of and continue the preliminary hearing on a petty theft charge, which was held in conjunction with the parole violation hearing, even though the petty theft charge ultimately was dismissed. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

An amended information, filed on October 6, 2011, charged Andrews with (1) second degree robbery (Pen. Code, § 211[1]); (2) assault with a deadly weapon (§ 245, subd. (a)(1)); and (3) petty theft with three priors (§ 666, subd. (a)). As to the robbery, the information specially alleged that Andrews had used a deadly or dangerous weapon in committing the offense. (§ 12022, subd. (b)(1).) The information also specially alleged that Andrews had served four prior prison terms within the meaning of section 667.5, subdivision (b). On July 31, 2012, Andrews pleaded no contest to second degree robbery. The trial court sentenced Andrews to the upper term of five years in state prison but suspended execution of sentence and placed him on formal probation. The court dismissed the remaining two counts and special allegations. During these proceedings, Andrews represented himself for the preliminary hearing and other court appearances, but ultimately relinquished his pro. per. status and consented to his standby counsel becoming appointed counsel for him. That appointed counsel represented him with respect to his no contest plea and sentence.

Several months later, on October 10, 2012, Andrews appeared in court after he had been arrested for petty theft. At his request, Andrews represented himself, and the trial court found a knowing and intelligent waiver of the right to counsel. The court revoked probation based on the arrest and set the matter for a preliminary hearing on the petty theft charge and a formal probation revocation hearing.

---

[1] Statutory references are to the Penal Code.

At that hearing, on October 22, 2012, Andrews indicated that he wanted to relinquish his pro. per. status with respect to the preliminary hearing on the petty theft charge but continue to represent himself for the probation violation hearing. The trial court (Judge Suzette Clover) denied that request without prejudice, finding it untimely with respect to the preliminary hearing, but told Andrews that he could renew the request at a later time. The court held the probation violation hearing in conjunction with the preliminary hearing on the petty theft charge. It found the evidence sufficient to hold Andrews to answer on the petty theft charge and to demonstrate a violation of probation.

The People filed an information charging Andrews with petty theft with three priors, along with special allegations of a prior strike conviction under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) based on the robbery for which he was on probation and four prior prison terms pursuant to section 667.5, subdivision (b). At a hearing on November 6, 2012, the trial court, referencing the request for counsel made the prior month, asked Andrews if he wanted counsel appointed for him on the petty theft case, and Andrews replied that he did not. He entered a not guilty plea and denied the special allegations in that case. Andrews continued to represent himself and never again requested appointment of counsel.

On February 7, 2013, Andrews appeared in court for sentencing with respect to the probation violation. He also moved under section 995 for dismissal of the petty theft charge, which the trial court denied. Based on the probation violation, the court (Judge Janice C. Croft) imposed the suspended sentence of five years in state prison with 653 days of custody credit, 568 actual days plus 85 conduct days.[2] It dismissed the petty theft charge at the People's request. Andrews filed a timely notice of appeal, indicating that he was appealing after a contested probation violation.

---

[2]    The abstract of judgment reflects 568 actual days and 85 conduct days but incorrectly states the total days of custody credits as 658 days instead of 653 days. As noted in our disposition, the trial court, if it has not done so already, shall issue a corrected abstract of judgment with 653 days as the total days of custody credit and forward it to the Department of Corrections and Rehabilitation.

## DISCUSSION

Andrews contends that reversal of the judgment is required because the trial court prejudicially erred by failing to appoint him counsel for the preliminary hearing on the petty theft charge and to continue that hearing. We disagree. The court dismissed the petty theft case, and Andrews's appeal is from the judgment entered after he was sentenced on the probation violation. Andrews does not complain about his no contest plea to the robbery charge that resulted in his probation, the probation violation proceedings or execution of the suspended five-year sentence because of the probation violation.

Andrews notes in his reply brief that "the evidence presented at [the] preliminary hearing [on the petty theft charge] – without the benefit of counsel – was the basis for [his] eventual violation of probation." Nevertheless, Andrews made clear to the trial court that, although he was requesting the appointment of counsel for the petty theft charge, he wanted to continue to represent himself with respect to the probation violation. In any case, given the dismissal of the petty theft charge, Andrews's desire to continue his pro. per. status on the probation violation, and the lack of any challenge to his no contest plea, the probation violation proceedings and sentence, no prejudice resulted, and no basis exists to reverse the judgment, based on the court's decision not to appoint counsel for and continue the preliminary hearing on the petty theft charge, which occurred simultaneously with the probation violation hearing. (*People v. Gonzalez* (2012) 210 Cal.App.4th 724, 743-744 [abuse of discretion in failing to appoint counsel for posttrial proceedings merits reversal only if defendant can demonstrate a result more favorable to him was reasonably probable had counsel been appointed for him]; *People v. Leavel* (2012) 203 Cal.App.4th 823, 830 [absent a showing of an abuse of discretion and prejudice, trial court's denial of request for continuance does not warrant reversal].)

4

## DISPOSITION

The judgment is affirmed. The trial court, if it has not done so already, shall issue a corrected abstract of judgment with 653 days as the total days of custody credit and forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, P. J.
We concur:


        JOHNSON, J.


        WILEY, J.*

---

*        Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.